IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JUSTIN KUCHAR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. CIV–21–335–RAW–JAR |
| | ) |
| **KILO KIJAKAZI,** | ) |
| **Acting Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

### REPORT AND RECOMMENDATION

Plaintiff Justin Kuchar (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED.**

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was forty-three years old at the time of the administrative hearing. (Tr. 29). He possesses at least a high school education. (Tr. 29). He has worked as a youth program advisor, safety and training coordinator, and recruiter. (Tr. 29). The claimant alleges that he has been unable to work since October 15, 2015, due to limitations resulting from degenerative disc disease, bilateral knee degenerative joint disease, bipolar disorder, post-traumatic stress disorder, generalized anxiety disorder, and depression. (Tr. 24 ).

## Procedural History

On January 24, 2020, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Roxanne Fuller ("ALJ") issued an unfavorable decision on September 9, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he retained

the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly evaluating the consistency of Claimant's complaints for both his physical and mental impairments and (2) incorrectly posed a hypothetical question to the VE that did not account for all of Claimant's impairments.

## Evaluation of Subjective Complaints

In her decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease, degenerative joint disease, bilateral knees, bipolar disorder, posttraumatic stress disorder (PTSD), generalized anxiety disorder, and depression. (Tr. 20). She determined Claimant had the residual functional capacity to perform light work with limitations. The ALJ limited Claimant in that he could only occasionally climb ramps or stairs; balance, stoop, crouch, kneel, or crawl; be exposed to moving mechanical parts; operate a motor vehicle; and be exposed to unprotected heights. Further, Claimant can never climb ladders, ropes, or scaffolds, but can frequently reach in front and overhead with the left non-dominant arm and is able to perform routine and repetitive tasks. Although Claimant can have no interaction with the public, he can occasionally interact with co-workers and supervisors. (Tr. 23).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of price marker, mail sorter, and housekeeping cleaner. (Tr. 30). As a result, the ALJ concluded Claimant had not

been under a disability since October 1, 2015, the alleged onset date, through the date last insured, March 31, 2020. (Tr. 31).

Claimant asserts the ALJ improperly evaluated the consistency of Claimant's statements and thus came to an improper RFC. Claimant believes that the ALJ underestimated his mental limitations. Specifically, Claimant argues that the ALJ dismissed the impact of Plaintiff's mental impairments due to Claimant's use of marijuana. For Claimant's physical limitations, Claimant suggests that the ALJ's findings are in conflict with the evidence and that Claimant is not capable of performing the assigned RFC.

Although Claimant contends that the ALJ did not properly account for all of Claimant's impairment in the RFC, Claimant's argument is devoid of any specific evidence that the ALJ failed to analyze. Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017). However, an ALJ is not required to conduct a "formalistic factor-by-factor

5

recitation of the evidence[,]" but [she] must set forth the specific evidence upon which [she] relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As part of her evaluation of Claimant's mental and physical symptoms, the ALJ noted the two-step process for the evaluation of symptoms set forth in Social Security Ruling 16-3p and the requirements under 20 C.F.R. § 404.1529. She determined Claimant's medically determinable impairments could reasonably cause his alleged symptoms, but she found that Claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence in the record. (Tr. 24).

In assessing Claimant's physical impairments, the ALJ concluded that, in accordance with Claimant's testimony, Claimant's knee and back problems had improved following a total knee replacement in both knees. The ALJ cited to medical records following the replacement surgery showing improvement. Particularly, a more recent exam showed that Claimant had a normal gait, full strength, and full range of motion in his knees without pain as well as full range of motion in his spine without pain. Despite these improvements, the ALJ noted that she nonetheless limited Claimant to less than the full range of light work.

For Claimant's mental impairments, the ALJ concluded that Claimant's subjective complaints that he feels worthless when in a depressive state and has suicidal thoughts were not consistent with the medical records. The ALJ points out several recent records finding evidence of depression, but that Claimant had denied suicidal ideation. The ALJ further notes records from Claimant's manic episodes which resulted in hospital admission. The ALJ reiterates the conclusion

drawn in the medical records that marijuana was likely causing Claimant's psychosis. (Tr. 1375, 27). Although Claimant argues that the ALJ is improperly concluding that Claimant's mental limitations were caused by cannabis, the ALJ is doing nothing more than re-stating the conclusions drawn by medical professionals. (Tr. 1375, 2815–2826, 3052). Despite the ALJ's reference to the connection between Claimant's mental conditions and cannabis use, the ALJ limited Claimant's RFC to routine, repetitive tasks with only occasional interaction with coworkers and supervisors and no interaction with the public. This Court will not reweigh the evidence, and therefore finds no error by the ALJ. *See Patterson v. Colvin*, 662 Fed. Appx. 664, 669 (10th Cir. 2016) ("Plaintiff simply 'seeks to have this court reweigh the evidence to h[er] benefit, which we do not do …' ") (quoting *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007)).

### Testimony of Vocational Expert

Claimant contends that the ALJ failed to account for all of Claimant's impairments in the hypothetical questioning of the vocational expert due to her improper RFC finding. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). In posing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. *Decker v.*

*Chater*, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. *Hargis*, 945 F.2d at 1489. Here, the ALJ's questioning mirrored Claimant's RFC. As such, this Court finds the ALJ did not err in the questioning of the vocational expert.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings

**DATED** this 2nd day of March, 2023.

_____
**JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE**